**CENTRAL NATIONAL BANK OF CLEVELAND, Trustee v MILLS**

Ohio Appeals, 2nd Dist, Franklin Co

No 3208. Decided Dec 20, 1940

Dorr E. Warner, Cleveland, for plaintiff-appellant.

Wilson & Rector, Columbus, for defendant-appellee.

**OPINION**

BY THE COURT:

The above entitled cause is now being determined on two motions:

1. Motion of defendant-appellee for rehearing.

2. Motion of plaintiff-appellant to strike from the files defendant's motion for rehearing on two grounds:

1. That no motion can be made or heard for rehearing.

2. That even if the motion should be treated as an application for rehearing, it should not be considered for the reason that more than ten days has elapsed since the announcement of the decision on November 25, 1940, as provided in Rule 11.

We will first take up and determine defendant-appellee's motion to strike.

It is quite true that there are no provisions of the Code for filing as a pleading in a case a motion for rehearing. Of course, the proper procedure as provided by the rules ██ of our Court, is to present application for rehearing to each of the judges participating in the original opinion. Such application is not to be filed in the Clerk's office.

It is our practice in the past, and we will still adhere to it, that when motion is filed in the Clerk's office we will accept it and consider it as an application for rehearing.

On the second objection we generally adhere to our rule that application for rehearing will not be considered unless filed within ten days from the receipt of our announcement of █ decision. However, where application is made within term and raises a question of substance, we will proceed to act on the application, regardless of the failure to file within the ten days.

It is our determination that the question raised in the application for rehearing is of sufficient moment to require further consideration.

Going now to plaintiff-appellant's application for rehearing, we make the following observations:

Attention is called to an averment of defendant's answer and also an allegation of plaintiff's reply. The averment of defendant's answer, erroneously spoken of as an admission, reads as follows:

"Said leases of March 1, 1922, and March 1, 1932, had theretofore been assigned to the plaintiff's predecessor, as trustee, as security for the payment of said bonds, in the amount of $400,-000.00 issued by the said Building Company and more particularly described in said application of reorganization and in the petition."

The quoted portion of the reply reads as follows:

"It admits that said leases of March 1, 1922, and March 1, 1932, had theretofore been assigned to the plaintiff's predecessor, as trustee, as security for the payment of said bonds in the amount of $400,000.00 issued by the Smythe Building Company and more particularly described in the application of reorganization and in the petition."

These quoted portions of the answer and reply bear on that part of our original opinion wherein we held that the uncontroverted evidence disclosed that no assignment of Mills' obligation had been made on the items of $31,-250.00, to the plaintiff trustee, and hence there could be no recovery. We are frank to say that we had not noticed the quoted portions of the answer and reply, but now that our attention is called to the same we still adhere to our original opinion, but with this additional comment:

Plaintiff's petition nowhere, either directly or by necessary inference, makes the allegation of any assignment to plaintiff of the original lease executed to the defendant, James O. Mills, nor of any assignment of a new or continuing obligation of J. O. Mills after the cancellation of the lease of March 1, 1922.

It is quite true that the lease of March 1, 1922, was made to James O. Mills personally. It is also true that his assignment two years later to the Mills Restaurant Company would not release him from his continuing personal liability.

Plaintiff in its petition alleges that as a part of the terms of the lease exe-

cuted October 31, 1932, from the Smythe Building Company to the Mills Restaurant Company, and in consideration of the execution of said lease and in further consideration of the cancellation of the prior lease to James O. Mills, dated March 1, 1922, Mills agreed, in writing, that he should remain liable under the terms of said prior lease so cancelled for all amounts due thereon up to March 1, 1932. This agreement for cancellation of the lease of March 1, 1932, between Mills and the Smythe Building Company was attached to the petition as an exhibit.

Up to this time the plaintiff trustee or its predecessor were not acting as such trustee. The trusteeship arose under a bond issue, the predecessor of the present plaintiff being named as trustee for the bondholders. The bonds were secured by a mortgage on the 99 year lease on the real estate occupied by the Mills Restaurant Company and other tenants. As further security for the bonds the leaseholds of the several tenants were assigned to the trustee. This assignment included the lease of the Mills-Cleveland Restaurant Company, but the interest assigned was defined as follows:

"All of grantor's right, title and interest in and to that certain lease from it to the Mills-Cleveland Restaurant Company dated March 1, 1932, filed for record October 31, 1932, bearing serial number 2399168 of the records of leases of Cuyahoga County, Ohio."

It appears that all executed papers touching the lease from the Smythe Building Company to the Mills-Cleveland Restaurant Company, the cancellation of the prior lease, J. O. Mills' agreement to remain liable for unpaid rent on the original lease and his guarantee for the payment of rent from March 1, 1932, on, the indenture for bond issue, the mortgage to secure the bonds, the assignment from the Smythe Building Company to the predecessor trustee, and others not necessary to mention, were all dated October 31, 1932, effective as of March 1, 1932. From this it is inferable and we determine

that all documents were executed simultaneously.

In our original opinion we made comment that the plaintiff trustee would have no interest, in the item of $31,250.00 with interest, unless the obligation was assigned in some form. The petition contains no such averment. It is now being urged that the averments of the answer and the admission in the reply render further proof unnecessary. We are unable to agree with this contention.

We suspect that the quoted averment from defendant's answer was in error so far as it related to the lease of 1922. However, we still accept the averment as made.

We are unable to conclude that this isolated phrase would supply the omission in plaintiff's petition of any allegations of assignment covering the $31-250.00.

It is obvious that the trustee had no rights in the premises except under the trust deed or an executed assignment.

As heretofore stated, it likewise appears that the 1922 lease from the Smythe Building Company to Mills was cancelled, as of March 1, 1932, and at the same time and we assume as a part of the same transaction through which the new lease was executed to the Mills-Cleveland Restaurant Company, and thereafter the bond indenture and mortgage deed given to the predecessor of the plaintiff as trustee. In the very nature of things, it would be impossible to assign the lease of 1922 before it was cancelled, and if assigned thereafter it would have no effect. There was a moving consideration between the Smythe Building Company and J. O. Mills for such cancellation. It is true that as a part consideration for such release, he agreed to remain liable for unpaid rent up to March 1, 1932, but he further agreed to obligate himself personally as a guarantor for the payment of rent on the new lease executed at that same time. All these obligations went to the Smythe Building Company.

They could have assigned this contract obligation of Mills to remain li-

172

able for all unpaid rent under the lease of 1922, but they did not do so.

We have no hesitancy in determining that the vague and indefinite averments of the answer above quoted do not demand a modification of our original opinion.

When we use the words 'vague and uncertain', we do it in the light of plaintiff's petition, to which are attached various exhibits heretofore referred to.

We have examined the additional authorities presented by counsel for plaintiff-appellant in their supplemental brief. This supplemental brief refers more particularly to the first part of our opinion, in which we affirmed the trial court.

We find nothing in the citations requiring a change of our views.

The application for rehearing will be overruled.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.